# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2021

Lyle W. Cayce
Clerk

No. 20-50932
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrian Nicolas Mendoza-Valles,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-139-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Adrian Nicolas Mendoza-Valles appeals his guilty plea conviction for illegal reentry into the United States after a prior removal, which followed the denial of his motion to dismiss the indictment. *See* 8 U.S.C. § 1326. Mendoza-Valles contends, citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018),

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that his prior removal does not satisfy the removal element of § 1326 because the notice to appear underlying that removal did not provide the date and time of the removal hearing.

In *United States v. Pedroza-Rocha*, 933 F.3d 490, 497–98 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2769 (2020), we relied on *Pierre-Paul v. Barr*, 930 F.3d 684, 688–89 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020), to conclude that (1) a notice to appear that lacked the date and time of the removal hearing was not defective, (2) any defect was cured by the subsequent service of a notice of hearing, and (3) the purported defect was not jurisdictional. Additionally, we held that the defendant could not collaterally attack the notice to appear without first exhausting administrative remedies. *Pedroza-Rocha*, 933 F.3d at 498. Conceding that *Pedroza-Rocha* and *Pierre-Paul* foreclose his claim, Mendoza-Valles raises it to preserve it for further review.

The Government has filed an unopposed motion for summary affirmance, which is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because Mendoza-Valles correctly concedes that his claim is foreclosed by *Pierre-Paul* and *Pedroza-Rocha*, the motion for summary affirmance is GRANTED and the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT. The judgment of the district court is AFFIRMED.